**Andrew S. Moses, OSB No. 983009**
amoses@gordon-polscer.com
**Gordon & Polscer, L.L.C.**
9755 S.W. Barnes Road, Suite 650
Portland, OR 97225
Telephone:  (503) 242-2922
Facsimile:  (503) 242-1264

*Attorneys for Defendant*

UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

PENDLETON DIVISION

| | |
|---|---|
| OREGON PARTNERS LLC,<br><br>               Plaintiff,<br><br>vs.<br><br>NATIONAL FIRE & MARINE INSURANCE COMPANY,<br><br>               Defendant. | **Case No.  2:18-cv-02206-SU**<br><br>**ANSWER TO THE COMPLAINT** |

In response to the Plaintiff's Complaint, Defendant National Fire & Marine Insurance

Company, by and through its undersigned attorneys, admits, denies and alleges as follows:

1.

Defendant admits the allegations in paragraph 1.

2.

Defendant admits the allegations in paragraph 2.

3.

Defendant admits the allegations in paragraph 3.

ANSWER TO THE COMPLAINT                                                               **Page 1**

4.

In response to paragraph 4, Defendant denies that there have been any omissions or that it is liable for the claims set forth in the Complaint.  In further response to paragraph 4, Defendant admits that this Court has jurisdiction over this matter pursuant to 28 USC §1332 and that venue is proper in the Pendleton Division.

5.

In response to paragraph 5, Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations, and therefore denies the same.

6.

Defendant admits the allegations in paragraph 6.

7.

Defendant admits the allegations in paragraph 7.

8.

In response to paragraph 8, Defendant asserts that the policy is a writing which speaks for itself.  To the extent the allegations in paragraph 8 differ from the language of the policy at issue, Defendant denies the allegations.

9.

In response to paragraph 9, Defendant asserts that the policy is a writing which speaks for itself.  To the extent the allegations in paragraph 9 differ from the language of the policy at issue, Defendant denies the allegations.  To the extent further response is necessary, Defendant is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations, and therefore denies the same.

ANSWER TO THE COMPLAINT                                                                    **Page 2**

10.

In response to paragraph 10, Defendant asserts that the policy is a writing which speaks for itself.  To the extent the allegations in paragraph 10 differ from the language of the policy at issue, Defendant denies the allegations.  To the extent further response is necessary, Defendant is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations, and therefore denies the same.

11.

In response to paragraph 11, Defendant asserts that the policy is a writing which speaks for itself.  To the extent the allegations in paragraph 11 differ from the language of the policy at issue, Defendant denies the allegations.  To the extent further response is necessary, Defendant is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations, and therefore denies the same.

12.

In response to paragraph 12, Defendant asserts that the policy is a writing which speaks for itself.  To the extent the allegations in paragraph 12 differ from the language of the policy at issue, Defendant denies the allegations.  To the extent further response is necessary, Defendant is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations, and therefore denies the same.

13.

In response to paragraph 13, Defendants admits that on or about January 17, 2017, the Property suffered damage due to the weight of ice and snow on the roof.  To the extent further response is necessary, Defendant is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations, and therefore denies the same.

ANSWER TO THE COMPLAINT                                                          **Page 3**

14.

Defendant admits the allegations in paragraph 14.

15.

In response to paragraph 15, Defendant admits that it has made payments to Plaintiff in connection with the Loss and that it has acknowledged coverage for part of the loss.  Defendant asserts that it has satisfied its obligations under the provisions of the Policy for this Claim through such payments.  Defendant denies any remaining allegations in paragraph 15.

16.

In response to paragraph 16, Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations, and therefore denies the same.

17.

In response to paragraph 17, Defendant re-alleges and incorporates by reference as if set forth herein its responses to the preceding paragraphs in the Complaint.

18.

In response to paragraph 18, Defendant admits that Plaintiff has provided invoices to Defendant for $410,216.47.  Defendant is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 18, and therefore denies the same.

19.

In response to paragraph 19, Defendant admits that Plaintiff has provided an invoice to Defendant in the total amount of $132,094.64.  Defendant is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 19, and therefore denies the same.

ANSWER TO THE COMPLAINT                                                          **Page 4**

20.

In response to paragraph 20, Defendant admits that it has not paid the full amount presented by Plaintiff.  In further response to paragraph 20, Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations, and therefore denies the same.

21.

Defendant admits that Plaintiff has presented an estimate for $495,784.22.  In further response to paragraph 21, Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations, and therefore denies the same.

22.

In response to paragraph 22, Defendant admits that it has not paid the full amount presented by Plaintiff.  In further response to paragraph 22, Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations, and therefore denies the same.

23.

In response to paragraph 23, Defendant admits that Plaintiff has provided an estimate for $480,097.33.  In further response to paragraph 23, Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations, and therefore denies the same.

24.

In response to paragraph 24, Defendant admits that it has not paid the full amount presented by Plaintiff.  In further response to paragraph 24, Defendant is without knowledge or

information sufficient to form a belief as to the truth of the allegations, and therefore denies the same.

25.

In response to paragraph 25, Defendant admits that Plaintiff has provided a repair estimate for the property.  In further response to paragraph 25, Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations, and therefore denies the same.

26.

Defendant denies the allegation in paragraph 26.

27.

In response to paragraph 27, Defendant admits that it has not paid the full amount presented by Plaintiff.  In further response to paragraph 27, Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations, and therefore denies the same.

28.

Defendant denies the allegations in paragraph 28.

29.

Defendant denies the allegations in paragraph 29 and its subparts.

30.

Defendant denies the allegations in paragraph 30.

31.

Defendant denies the allegations in paragraph 31.

32.

In response to paragraph 32, Defendant re-alleges and re-incorporates its responses to the prior paragraphs in the Complaint as if set forth in full herein.

33.

Defendant denies the allegations in paragraph 33.

34.

Defendant denies the allegations in paragraph 34.

35.

Defendant denies the allegations in paragraph 35.

36.

In response to Plaintiff's "PRAYER", Defendant denies that Plaintiff is entitled to the relief requested.

37.

Unless expressly admitted herein, Defendant denies each and every allegation in the Complaint.

**AFFIRMATIVE DEFENSES**

38.

By way of a further answer to the Complaint, Defendant asserts the following affirmative defenses.  To the extent that any matters designated below as affirmative defenses should be treated as counterclaims, Defendant respectfully requests the Court exercise its authority and treat the pleading as if a proper designation has been made.  The following affirmative defenses are based upon Defendant's knowledge, information, and belief based on its investigation to

date, and Defendant reserves the right to voluntarily withdraw defenses and/or add defenses as discovery warrants.  On the basis of the above, Defendant alleges as follows:

## FIRST AFFIRMATIVE DEFENSE

### (Failure to State a Claim)

39.

Plaintiff has failed to state a claim upon which relief may be granted.

## SECOND AFFIRMATIVE DEFENSE

### (Failure to Mitigate)

40.

Plaintiff's claims are barred or limited to the extent of any failure to mitigate, minimize or avoid the damages allegedly sustained.  Any recovery against Defendant must be reduced by the purported insured's failure to mitigate.

## THIRD AFFIRMATIVE DEFENSE

### (Failure to Perform Conditions Precedent or Subsequent)

41.

Plaintiff's claims may be barred or limited to the extent that Plaintiff failed to comply with all necessary conditions precedent and/or subsequent required to perfect a claim, including without limitation the failure to provide timely notice or cooperate.

## FOURTH AFFIRMATIVE DEFENSE

### (Laches, Waiver and/or Estoppel)

42.

Plaintiff's causes of action may be barred by the doctrines of laches, waiver, and/or estoppel.

## FIFTH AFFIRMATIVE DEFENSE

### (Other Insurance)

43.

The policy issued to Plaintiff includes an "other insurance" provision or provisions pertaining to prior insurance, non-accumulation of liability, or similar provisions.  Any coverage afforded by such contract is subject to, and limited by, the other insurance provisions contained therein.

## SIXTH AFFIRMATIVE DEFENSE

### (Exclusion for Contamination)

44.

Plaintiff's claims may be barred or limited by the Policy's exclusion for contamination.

## SEVENTH AFFIRMATIVE DEFENSE

### (Exclusion for Faulty, Inadequate or Defective Design, Specifications, Workmanship, Construction, or Materials Used)

45.

Plaintiff's claims may be barred or limited by the Policy's exclusion for faulty, inadequate or defective design, specifications, workmanship, construction, or materials used.

## EIGHTH AFFIRMATIVE DEFENSE

### (Exclusion for Corrosion, Depletion, Deterioration, Erosion, Inherent Vice, Latent Defect, Rust, or Wear and Tear)

46.

Plaintiff's claims may be barred by the Policy's exclusion for corrosion, depletion, deterioration, erosion, inherent vice, latent defect, rust, or wear and tear.

## NINTH AFFIRMATIVE DEFENSE

### (No Coverage – Causes Not Covered)

47.

No coverage exists for loss or damage that is the result of damage by a cause other than a covered cause of loss.

## TENTH AFFIRMATIVE DEFENSE

### (No Coverage – Property Not Covered)

48.

No coverage exists for loss or damage to property that is not covered property.

## ELEVENTH AFFIRMATIVE DEFENSE

### (Policy Terms, Definitions, Conditions, Endorsements, Limitations, and/or Exclusions)

49.

Plaintiff's claims are barred or limited by all other applicable provisions, terms, definitions, conditions, endorsements, limitations, and/or exclusions of the Policy.

## TWELTH AFFIRMATIVE DEFENSE

### (Failure to Protect Property)

50.

The Policy requires that in the event of a loss that the insured take all reasonable steps to protect the covered property from further damage. Defendant has no obligation to Plaintiff to the extent Plaintiff failed to comply with this condition.

## THIRTEENTH AFFIRMATIVE DEFENSE

### (Increased cost due to ordinance or law)

51.

The Policy provides that in determining the Loss Payment, the cost to repair, rebuild or replace does not include the increased cost attributable to enforcement of any ordinance or law regulating the construction, use or repair of any property.  Defendant has no obligation to pay for any increased cost Plaintiff claims where the cost is due to the enforcement of any ordinance or law regulating the construction, use or repair of any property.

## FOURTEENTH AFFIRMATIVE DEFENSE

### (Ordinance or Law Exclusion)

52.

The Policy excludes from coverage any loss or damage caused directly or indirectly by the enforcement of any ordinance or law regulating the construction use or repair of any property, or requiring the tearing down of any property.  The exclusion applies regardless  of any other cause or event that contributes concurrently or in any sequence to the loss and applies to increased costs incurred to comply with an ordinance or law in the course of construction, repair, renovation, remodeling or demolition of property, or removal of debris, following a physical loss to that property. Defendant has no obligation to Plaintiff to the extent this exclusion applies.

ANSWER TO THE COMPLAINT                                                                    **Page 11**

## FIFTEENTH AFFIRMATIVE DEFENSE

### (Bacteria Exclusion)

53.

The Policy excludes from coverage any loss or damage caused by or resulting from any virus, bacterium, or other microorganism that induces or is capable of inducing physical distress illness or disease.  Defendant has no obligation to Plaintiff to the extent this exclusion applies.

## SIXTEENTH AFFIRMATIVE DEFENSE

### (Settling, cracking, shrinking or expansion)

54.

The Policy excludes from coverage any loss or damage caused by or resulting from settling, cracking, shrinking or expansion.  Defendant has no obligation to Plaintiff to the extent this exclusion applies.

## SEVENTEENTH AFFIRMATIVE DEFENSE

### (Animal Nesting or Infestation)

55.

The Policy excludes from coverage any loss or damage from nesting or infestation, or discharge or release of waste products or secretions, by insects, birds, rodents or other animals. Defendant has no obligation to Plaintiff to the extent this exclusion applies.

## EIGHTEENTH AFFIRMATIVE DEFENSE

### (Seepage or Leakage of Water)

56.

The Policy excludes from coverage any loss or damage from continuous or repeated seepage or leakage of water, or the presence or condensation of humidity, moisture or vapor that

occurs over a period of 14 days or more.  Defendant has no obligation to Plaintiff to the extent this exclusion applies.

## NINTEENTH AFFIRMATIVE DEFENSE

### (Neglect)

57.

The Policy excludes from coverage any loss or damage from neglect of an insured to use all reasonable means to save and preserve property from further damage at and after the time of loss.  Defendant has no obligation to Plaintiff to the extent this exclusion applies.

## TWENTIETH AFFIRMATIVE DEFENSE

### (Right to Amend)

58.

Defendant specifically reserves the right to amend its Answer by adding additional affirmative defenses, counterclaims, and cross-claims, and by instituting third-party actions as additional facts may be obtained through investigation or discovery.

PRAYER FOR RELIEF

WHEREFORE, having fully responded to Plaintiff's Complaint, and Defendant having answered and stated affirmative defenses thereto, Defendant prays for judgment in its favor as follows:

1.      Dismissing Plaintiff's Complaint with prejudice;

2.      Awarding Defendant its reasonable costs and disbursements incurred herein; and

ANSWER TO THE COMPLAINT                                                    **Page 13**

3.      Granting Defendant such further and additional relief that the Court deems just

and equitable.

DATED this 27th day of February, 2019.

s/ Andrew S. Moses
Andrew S. Moses, OSB No. 983009
amoses@gordon-polscer.com
Gordon & Polscer, L.L.C.
9755 S.W. Barnes Road, Suite 650
Portland, OR 97225
Telephone Number: (503) 242-2922
Facsimile: (503) 242-1264

*Attorneys for Defendant*

## CERTIFICATE OF SERVICE

I hereby certify that on February 27, 2019, I electronically filed this **ANSWER TO THE COMPLAINT** with the Clerk's office using the CM/ECF System for filing which will send notification of such filing to the following:

| | |
|---|---|
| R. Scott Taylor<br>Clinton Tapper<br>Scott@taylortapper.com<br>Clinton@taylortapper.com<br>Taylor & Tapper<br>400 E 2nd Ave, Suite 103<br>Eugene, OR 97401<br>Telephone:  (541) 485-1511<br>Facsimile:  (541) 264–4866<br><br>***Attorney for Plaintiffs*** | |

DATED this 27th day of February, 2019.

*s/ Andrew S. Moses*
Andrew S. Moses, OSB No. 983009
amoses@gordon-polscer.com
Gordon & Polscer, L.L.C.
9755 S.W. Barnes Road, Suite 650
Portland, OR 97225
Telephone Number: (503) 242-2922
Facsimile: (503) 242-1264

*Attorneys for Defendant*

**CERTIFICATE OF SERVICE**                                    **Page 1**